IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:07CR413-HEH
)
ANTOINE HENDERSON, )
)
    Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Antoine Henderson ("Petitioner"), a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 petition. Petitioner contends that he is entitled to relief because he was denied the effective assistance of counsel. Specifically, Petitioner contends that he is entitled to relief because:

> Claim One    Counsel failed to challenge the use of Petitioner's 2000 state court conviction for possession with the intent to distribute cocaine as a basis for finding Petitioner to be Career Offender.
>
> Claim Two    Counsel failed to object to the amount of drugs attributed to Petitioner for sentencing purposes.

The Government has responded. Petitioner has replied, and the matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On December 18, 2007, a grand jury sitting in Richmond returned a four-count superseding indictment against Petitioner. Count One charged Petitioner with conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and

500 grams or more of cocaine hydrochloride. Count Two charged that Petitioner had possessed with the intent to distribute five grams or more of cocaine base. Count Three charged that Petitioner had possessed with the intent to distribute methylenedioxymethamphetamine ("MDMA"). Count Four charged that Petitioner had attempted to distribute MDMA.

On February 29, 2008, pursuant to a written plea agreement, Petitioner pled guilty to Count One. Petitioner signed a statement of facts in conjunction with the Plea Agreement. In the Statement of Facts, Petitioner acknowledged, "that the allegations in Count One of the pending Superseding Criminal Indictment and the following facts are true and correct, and that had the matter gone to trial the United States could have proven them beyond a reasonable doubt." (Statement of Facts 1.) The Statement of Facts also included a description of numerous drug transactions involving Petitioner and three confidential sources who had conspired to distribute drugs with Petitioner. (Statement of Facts ¶¶ 4-9.) Petitioner further acknowledged that:

> [F]or purposes of relevant conduct, had the matter gone to trial, the United States would have proven beyond a reasonable doubt that the defendant, ANTOINE HENDERSON, did conspire to distribute and possess with the intent to distribute at least 1.5 kilograms, but less than 4.5 kilograms of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," . . . and at least five kilograms, but less than 15 kilograms of [a] mixture and substance containing a detectable amount of cocaine hydrochloride. . . .

(Statement of Facts ¶ 11.)

On June 11, 2008, the Court conducted Petitioner's sentencing hearing. In light of the foregoing stipulation, the Court found that for purposes of relevant conduct, Petitioner was responsible for at least 1.5 kilograms, but less than 4.5 kilograms of crack and at least 5 kilograms, but less than 15 kilograms of cocaine hydrochloride. Additionally, the Court found that Petitioner qualified for a sentencing enhancement as a career offender. This determination was based upon the instant offense and the following two convictions: Petitioner's February 15, 2000 conviction in the Circuit Court for the City of Richmond of possession with intent to distribute cocaine (hereinafter "the Richmond drug conviction") and Petitioner's June 20, 2000 conviction in the Circuit Court for the County of Henrico of breaking and entering with the intent to commit rape, robbery, or murder. The Court also found that Petitioner was entitled to a three-level reduction in his Offense Level for the timely acceptance of responsibility. These findings resulted in a Total Offense Level of 33 and a Criminal History Category of VI, and guideline range of 262-327 moths of imprisonment. The Court sentenced Petitioner to 300 months of imprisonment.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong

presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Failure to Challenge the Career Offender Enhancement

In Claim One, Petitioner contends that counsel was deficient for failing to challenge the use of the Richmond Drug Conviction to enhance his sentence based on the career offender provision of the Sentencing Guidelines. United States Commission, *Guidelines Manual*, § 4B1.1 (2008) (hereinafter "USSG"). In his subsequent submissions, Petitioner clarifies that he is not asserting that the Richmond Drug Conviction does not technically satisfy the requirements of USSG § 4B1.1.[1] (Petr.'s Resp. to Gov't Resp. 1-2.) Rather, he cites cases for the proposition that, where the

---

[1] Section 4B1.1 of the United States Sentencing Guidelines provides that a defendant should be classified as a career offender when (1) the defendant is over eighteen, (2) the instant crime is a felony that is a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. USSG § 4B1.1.

4

predicate offenses for the Career Offender provision involved minor amounts of drugs, the Career Offender enhancement may overstate the seriousness of a defendant's criminal history. *See, e.g., United States v. Williams*, 78 F. Supp. 2d 189, 193-94 (S.D.N.Y. 1999) (suggesting the Career Offender provision overstated the seriousness of the defendant's criminal history where prior offenses involved small street level deals of narcotics)[2]; *United States v. Phelps*, 366 F. Supp. 2d 580, 590 (E.D. Tenn. 2005) (noting that "a non-Guideline sentence may be sufficient . . . . in cases where the defendant barely qualifies as a career offender."). Petitioner contends that in light of the small amount of drugs involved in the Richmond Drug Conviction, counsel should have moved for downward departure or a variance sentence.

Given the adverse controlling legal authority, counsel reasonably refrained from requesting a downward departure on the grounds Petitioner urges here. *See United States v. Stockton*, 349 F.3d 755, 764-65 (4th Cir. 2003) (noting that where a defendant's criminal history reflects recidivism in controlled substance offenses, an over-representation departure is almost never appropriate); *United States v. Pearce*, 191 F.3d 488, 498 (4th Cir. 1999) ("[W]e cannot conceive of any drug felony that would be considered minor" for purposes of departing from a career offender guideline range);

---

[2] In *United States v. Mishoe*, 241 F.3d 214 (2d Cir. 2001), the United States Court of Appeals for the Second Circuit disapproved of the suggestion in *Williams* that a downward departure where the Career Offender enhancement was predicated on prior offenses that involved small street level deals of narcotics. *Id.* at 218-19.

*United States v. Brown,* 23 F.3d 839, 840-42 (4th Cir. 1994) (holding that a departure for over-representation is not justified by the fact that prior drug conviction involved a small quantity of drugs).

The United States Court of Appeals for the Fourth Circuit, however, has concluded that a variance sentence under 18 U.S.C. § 3553(a) may be appropriate where the predicate offenses for the Career Offender enhancement "involved small quantities of drugs and no firearms or violence." *United States v. Moreland,* 437 F.3d 424, 436 (4th Cir. 2006). Nevertheless, Petitioner's circumstances reflect that sentencing Petitioner as a Career Offender was entirely appropriate. Petitioner's Richmond Drug Conviction involved more than five grams of crack. Within a few months of committing that offense, Petitioner, while armed with a handgun, broke into his former girlfriend's apartment, and attacked her and a guest in her apartment. That conduct gave rise to Petitioner's Henrico Circuit Court conviction of breaking and entering with the intent to commit rape, robbery, or murder. Within months of being released from incarceration on the above offenses, Petitioner once again began distributing drugs and continued to do so until his arrest for the present offense stopped that conduct. Given these facts, counsel reasonably refrained from arguing that Petitioner should receive a variance sentence because the Career Offender designation over represents the seriousness of Petitioner's prior conduct. *See United States v. Green,* 436 F.3d 449, 459 (4th Cir. 2006); *United States v. Hurte,* 237 F.

App'x 871, 873 (4th Cir. 2007) (No. 07-4039). Accordingly, Claim One will be dismissed because Petitioner has demonstrated neither deficiency nor prejudice.

### B. Failure to Challenge the Amount of Drugs Attributed to Petitioner

In Claim Two, Petitioner contends that counsel should have challenged the amount of drugs attributed to Petitioner on the grounds that the amount was not supported by reliable evidence. Petitioner was sentenced based upon the amount of drugs that he had acknowledged that he was responsible for in his Statement of Facts. The Presentence Report recited Petitioner's admission in the Statement of Facts as to drug transactions and the amount of drugs involved in each transaction. During the presentence interview, Petitioner agreed that the "the language in the Statement of Facts was an accurate depiction of his offense conduct." (Presentence Report ¶ 12.) Given these circumstances, it was perfectly reasonable for counsel not to challenge the amount of drugs attributed to Petitioner for sentencing purposes. Petitioner has not demonstrated deficiency or prejudice. *See United States v. Purry*, 35 F. App'x 62, 63 (4th Cir. 2002) (No. 01-8098); *Martinez-Garcia v. United States*, No. 9:09cv80654, 2009 WL 4629163, at *5-6 (S.D. Fla. Dec. 2, 2009). Accordingly, Claim Two will be dismissed.

The 28 U.S.C. § 2255 motion will be denied. The action will be dismissed. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). For the reasons stated more fully in the Memorandum Opinion, no law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct. 29, 2010
Richmond, Virginia